IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: **3:12-cv-00297-MJR-PMF** |
| | ) |
| ST. JOHN'S UNITED METHODIST CHURCH, *et al.*, | ) ) |
| | ) |
| Defendants. | ) |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Reverend Sheryl Palmer's (Doc. 17) motion for a more definite statement made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the following reasons, the (Doc. 17) motion for a more definite statement is denied.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Such relief applies to a small class of pleadings that, though sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, nonetheless are so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC.,* 10-891, 2011 WL 1465632, 2 (S.D.Ill. April 18, 2011) (quotations omitted) (citing *Vician v. Wells Fargo Home Mortgage*, No. 05–cv–144, 2006 WL 694740, 9 (N.D.Ind. Mar.16, 2006); *Metso Paper, Inc. v. Enerquin Air Inc.*, No. 06–C–1170, 2007 WL 486635, 5 (E.D.Wis. Feb.12, 2007) ("Rule 12(e) motions are generally disfavored and are not intended as a substitute for the normal discovery process.")

1

(brackets and quotation omitted); *Parus v. Cator*, No. 05–C–0063–C, 2005 WL 1458770, 3 (W.D.Wis. June 17, 2005) (noting that "Rule 12(e) motions are rarely granted" and that "judges are admonished to exercise their discretion sparingly in ordering more definite statements.")). "Thus, if a plaintiff's complaint is sufficiently definite to enable a defendant to know what is charged, it is sufficient to withstand a Rule 12(e) motion." *Id*. (citations omitted).

The plaintiff has brought several claims under the Americans with Disabilities Act of 1990 ("ADA") against the defendants in this case. In the most generalized sense, the ADA prohibits discrimination on the basis of disability. *See* 42 U.S.C. §§ 12112, 12132. The term "disability" is defined by statute as "a physical or mental impairment that substantially limits one or more major life activities of such individual." *See id*. § 12102(1)(A). The statute also sets forth that "major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *See id*. § 12102(2)(A). Here, the plaintiff has stated the following in his complaint:

> In 1996, Graham was the victim of a serious beating in which he suffered multiple concussions, multiple fractures including parts of his face, and severe contusions over a substantial portion of his body. Though Graham survived the beating, his head injuries resulted in a permanent disability of his cognitive processes leaving Graham with difficulty articulating his thoughts and comprehending; especially in stressful situations. As a result of sustaining severe head injuries which left him with permanent brain damage, while intelligent, Graham has difficulty articulating his thoughts and is slow to comprehend.

Doc. 2 at 3 ¶ 11-13.

Defendant Palmer has filed the instant (Doc. 17) motion for a more definite statement asserting that the above language so vague so vague or ambiguous that she cannot prepare an answer. According to defendant Palmer, the plaintiff has failed to allege how his cognitive disability has substantially limited his major life activities. The Court does not agree. The

plaintiff has provided sufficiently detailed information in his complaint in order for the defendant to know what is charged. Accordingly, the (Doc. 17) motion for a more definite statement is denied. Defendant Palmer shall file a responsive pleading to the complaint in accordance with Rule 12(a)(4) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

**DATED: June 25, 2012.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**