IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. GRAHAM,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | Case No. 12-cv-0297-MJR |
| ) | |
| ST. JOHN'S UNITED METHODIST ) | |
| CHURCH, THE ILLINOIS GREAT ) | |
| RIVERS CONFERENCE OF THE ) | |
| UNITED METHODIST CHURCH and ) | |
| REVEREND SHERYL PALMER, in her ) | |
| individual capacity,            ) | |
| ) | |
| Defendants.            ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

I.  Factual and Procedural Background

In April 2012, Richard Graham filed an 8-count complaint against St. John's United Methodist Church, The Illinois Great Rivers Conference of the United Methodist Church and Reverend Sheryl Palmer.  Graham alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d); the Illinois Wage and Collection Act ("IWPCA"), 820 ILCS 115/*et seq.*; as well as common law actions for intentional infliction of emotional distress and negligent supervision.

The complaint alleges the following facts.  In 1996, Graham was the victim of a serious beating in which he suffered multiple concussions, multiple fractures including parts of his face, and severe contusions over a

1

substantial portion of his body. Graham's head injuries resulted in a permanent disability of his cognitive processes leaving him with difficulty articulating his thoughts and comprehending, especially in stressful situations. In August 2008, Graham was hired as a part-time custodian at St. John's and was told that he would work 25 hours a week. A short time after Graham began his employment, the other part-time custodian left, and Graham assumed all custodial duties at the church. He performed his duties in a satisfactory manner. Palmer told Graham that regardless of the extra work load and the number of hours worked, he would only be paid for 25 hours a week.

As a result of his head injuries, Graham is a very acquiescent individual, especially with authority figures like Palmer. Palmer took advantage of Graham's disability and required him to work seven days a week, averaging 35 to 40 hours, while only allowing him to put approximately 25 hours on his timesheet. Palmer called Graham "stupid" and "retard" and allowed other members to call him these names as well. She yelled at Graham in front of others in order to embarrass him.

About June 6, 2011, the Holsmans, who were members of St. John's and advocates for Graham's employment, asked The Illinois Great Rivers Conference of the United Methodist Church ("IGRC") to investigate Palmer's mistreatment of Graham. The Holsmans also assisted Graham in

filing a complaint with the Illinois Department of Labor ("IDOL"). The IDOL's investigation found 22 violations of the One Day Rest in Seven Act.

Graham repeatedly asked Palmer and St. John's for accommodation for his mental challenges, but they refused to accommodate him. In July 2011, the Holsmans told Palmer and St. John's that Graham was ill and scheduled for surgery. On August 15, 2011, Palmer unilaterally scheduled Graham to return to work. In a letter dated August 17, 2011, Palmer told Graham that if he did not notify St. John's of his health status by August 23, 2011, St. John's would "*assume* [he] resigned his position." On or about August 23, 2011, Graham was terminated.

The IGRC moves to dismiss Count 8 of Graham's complaint (negligent supervision by the IGRC), asserting that as Graham's employer, it is subject to the Illinois Workers' Compensation Act ("IWCA") and has no liability for an Illinois common law negligence claim, including negligent supervision and emotional distress (Doc. 13).

II. Legal Standard

The IGRC moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs dismissal for failure to state a claim. In assessing a Rule 12(b)(6) motion, the Court must take as true all factual allegations and construe in plaintiff's favor all reasonable inferences. **Massey v. Merrill Lynch & Co., Inc., 464 F.3d 642, 656**

(7th Cir. 2006); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

A complaint should be dismissed only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey*, 464 F.3d at 656. As the United States Court of Appeals for the Seventh Circuit explained:

> "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).... Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

*McCready v. EBay, Inc.*, 453 F.3d 882, 887 (7th Cir. 2006).

Indeed, the law of this Circuit recognizes that, generally, "a party need not plead much to survive a motion to dismiss" - not specific facts, not legal theories, and not anything in anticipation of a possible defense. *Massey*, 464 F.3d at 650 (*citing Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901-02 (7th Cir. 2004)). The gist of this Court's inquiry is "whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which it rests." *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)

4

**(complaints need not allege facts; they need only present a claim for relief).**

III. Discussion

The IWCA provides that an employee injured while engaged in the line of his duty has no private right of action against his employer. **820 ILCS 305/5(a)**. The IWCA also provides that an employee has a private right of action against "some person other than his employer" if the injury for which compensation is payable was caused under circumstances creating a legal liability for that person. **820 ILCS 305/5(b)**.

In the IGRC's Answer to Counts 5 and 6, it repeatedly denies that it is Graham's employer. For example, in its answer to paragraph 102, the IGRC states, "Defendant IGRC denies that Defendant IGRC is an employer of Plaintiff." The IGRC uses the same or similar language in ¶¶ 113, 115, 116, 117, 118, 119 and 120. The IGRC denies that it "ever employed Plaintiff."

Stated simply, the IGRC cannot have it both ways. It cannot deny that it employed Graham to defend claims brought under the IWPCA and FLSA, yet assert that it employed Graham to take advantage of the bar to employer liability provided by the IWCA. In other words, the IGRC cannot deny that it is an employer to defend claims of willful violation of the IWPCA and the FLSA while seeking to shelter behind the IWCA as an employer for which the IWCA provides the "full measure" of an employer's responsibility.

The IGRC may be able to marshal evidence to support a motion for summary judgment that could be a defense against one of these claims. It will never reasonably be able to establish that it is both Graham's employer and not his employer.

IV.   Conclusion

For the foregoing reasons, the Court **DENIES** the IGRC's motion to dismiss Count 8 of Plaintiff's Complaint (Doc. 13).

IT IS SO ORDERED.

DATED September 24, 2012

                                              s/Michael J. Reagan
                                              MICHAEL J. REAGAN
                                              United States District Judge